# EXHIBIT A



**null / ALL**
**Transmittal Number: 25436090**
**Date Processed: 08/23/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Randy Millsap<br>USAA Investment Management Company<br>9800 Fredericksburg Rd<br>San Antonio, TX 78288-0002 |
| **Electronic copy provided to:** | Marylee Williams |

| | |
|---|---|
| **Entity:** | USAA Life Insurance Company<br>Entity ID Number  0127743 |
| **Entity Served:** | USAA Life Insurance Company |
| **Title of Action:** | Lynn Mostoller, as special administrator of the estate of Carlos Velazquez vs. USAA Life Insurance Company |
| **Matter Name/ID:** | Lynn Mostoller, as special administrator of the estate of Carlos Velazquez vs. USAA Life Insurance Company (12804934) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bernalillo County  District Court, NM |
| **Case/Reference No:** | D-202-CV-2022-04549 |
| **Jurisdiction Served:** | New Mexico |
| **Date Served on CSC:** | 08/22/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | NM Department of Insurance on 08/17/2022 |
| **How Served:** | Certified Mail |
| Sender Information: | Law Offices of David M. Houliston<br>505-247-1223 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# STATE OF NEW MEXICO
# OFFICE OF SUPERINTENDENT OF INSURANCE

| SUPERINTENDENT OF INSURANCE | | DEPUTY SUPERINTENDENT |
|---|---|---|
| Russell Toal |  | Jennifer Catechis |

8/17/2022

SOP ID 2926

USAA Life Insurance Company

110 East Broadway St

Hobbs, NM 88240

**RE: LYNN MOSTOLLER, as Special Administrator of the Estate of Carlos Velazquez, Deceased V. USAA LIFE INSURANCE COMPANY,**

**D-202-CV-2022-04549**

Dear Sir or Madam:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-5-32, enclosed is a copy of a Complaint, Arbitration Certificate and Summons on the above styled cause. Service was accepted on your behalf on 8/17/2022.

Respectfully,

Russell Toal, Superintendent

7020 0640 0002 1325 9320

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**8/10/2022 3:23 PM**
**CLERK OF THE COURT**
**Patricia Serna**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

LYNN MOSTOLLER, as Special Administrator
of the Estate of Carlos Velazquez, Deceased,

      Plaintiff,

v.                                                                Case No.  ____D-202-CV-2022-04549____

USAA LIFE INSURANCE COMPANY,

      Defendant.

## COMPLAINT FOR BAD FAITH, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF CONTRACT, VIOLATIONS OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES ACT, AND NEGLIGENT MISREPRESENTATION

COME NOW, Plaintiff Lynn Mostoller, as Special Administrator of the Estate of Carlos

Velazquez, Deceased, by and through counsel, Law Offices of David M. Houliston (David M.

Houliston), and for her Complaint for Bad Faith, Breach of the Covenant of Good Faith and Fair

Dealing, Breach of Contract, Violations of the New Mexico Unfair Claims Practices, and

Negligent Misrepresentation against Defendant USAA Life Insurance Company ("USAA"),

states:

### PARTIES AND JURISDICTION

1.     Plaintiff Lynn Mostoller is an individual residing in Bernalillo County. Lynn

Mostoller is bringing this lawsuit in her capacity as Special Administrator of the *Estate of Carlos*

*Velazquez,* having been duly appointed in Case No.  D-202-PB-2020-00302, pending in the

Second Judicial District Court of Bernalillo County, New Mexico.

2.     USAA Life Insurance Company (hereinafter "Defendant" or "USAA") is a foreign

corporation authorized by the New Mexico Department of Insurance to do business in New Mexico

pursuant to the rules and regulations promulgated by the Superintendent of Insurance and other

1

applicable New Mexico statutes and jurisprudence.

3.    Pursuant to NMSA 1978, §59A-5-31, USAA's designated agent for service of process is the Superintendent of Insurance for the State of New Mexico, located in Santa Fe, New Mexico.

4.    The actions giving rise to this matter occurred in Bernalillo County, New Mexico.

5.    Based on the above paragraphs, jurisdiction and venue are proper in the Second Judicial District Court for Bernalillo County, New Mexico, pursuant to NMSA 1978, § 38-3-1(A), (F) (Repl. 1998).

## GENERAL ALLEGATIONS

6.    Decedent Carlos R. Velazquez and Decedent Marilyn Velazquez were married on September 4, 1997.

7.    Two children were born of this union, namely: Adrian Velazquez (a minor child) and Roberto Velazquez.

8.    On December 25, 2019, a horrific tragedy transpired when the entire family died.

9.    At the time of their deaths, it is believed the Velazquezs' had bank accounts and life insurance policies with USAA.

10.    On June 11, 2020, counsel for Edwin Quinones, as Personal Representative of the Estate of Marilyn Velazquez, wrote a letter to USAA requesting that no distributions be made until a judicial determination could be made regarding the rightful beneficiaries to the life insurance policy.

11.    On June 12, 2020, USAA responded with several requests for documentation, including death certificates for each family member, and stating "[i]n the interim, any claim for proceeds will remain pending."

2

12.     In late August 2020, Plaintiff Mostoller was appointed Special Administrator of the Estate of Carlos Velazquez.

13.     On or about September 22, 2020, Plaintiff Mostoller contacted USAA regarding the bank accounts and life insurance contract.

14.     By the end of October 2020, USAA had all the needed documentation, except for Decedent Carlos Velazquez's death certificate.

15.     On November 12, 2020, Plaintiff Mostoller sent additional correspondence to USAA enclosing the Death Certificate for Carlos Velazquez.

16.     On November 18, 2020, USAA confirmed receipt of Decedent Carlos Velazquez's Death Certificate.

17.     On December 8, 2020, the surviving beneficiaries attended mediation which was unsuccessful in resolving the dispute.

18.     On December 10, 2020, USAA contacted Plaintiff Mostoller with an update stating the Estate of Carlos Velazquez would be the beneficiary under his life insurance policy and USAA was providing information to the claims team to reach out to Plaintiff Mostoller for the next steps.

19.     On December 10, 2020, Plaintiff Mostoller emailed counsel for Edwin Quinones with the information about Decedent Carlos Velazquez's Estate receiving the $250,000.00 from Decedent Carlos Velazquez's policy and the existence of a rider to the policy insuring Decedent Carlos Velazquez's wife, Marilyn Velazquez's life.

20.     Also on December 10, 2020, USAA represented to Plaintiff Mostoller Decedent Carlos Velazquez's Estate would be receiving the benefits from both Decedent Carlos Velazquez's policy and the rider covering Decedent Marilyn Velazquez's, an additional $250,000.00.

21.     USAA also represented it would be contacting Plaintiff Mostoller to process the

3

claim.

22.    On or about January 7, 2021, the beneficiaries finalized and entered into a Mediation Settlement Agreement ("MSA").

23.    Under the terms of the MSA, Decedent Carlos Velazquez's mother, Maria de la Luz Ramirez Lopez ("Mrs. Ramirez"), was to receive a total of $241,279.00, with $167,034.07 coming from Prudential Life insurance funds held in the federal court registry.

24.    All remaining known assets were to be marshaled by Plaintiff Mostoller and then distributed to Maria Malave and Eduardo Quinones (Marilyn Velazquez's parents).

25.    Benefits from both the USAA life insurance policy and the rider were listed on Exhibit A, to the MSA, as known assets to be marshaled by Plaintiff Mostoller and then distributed to Maria Malave and Eduardo Quinones.

26.    The parties to the MSA relied on the statements made by USAA that all of those proceeds would be received by the Estate of Carlos Velazquez, and not Mrs. Ramirez.

27.    In reliance of the statements made by USAA that all proceeds from both the policy and rider would come to the Estate of Carlos Velazquez, Plaintiff Mostoller worked on getting the Prudential Life insurance funds transferred out of the court registry, into Decedent Carlos Velazquez's Estate, and then distributed in accordance with the MSA.

28.    On or about February 26, 2021, Plaintiff Mostoller arranged for a wire transfer to Mrs. Ramirez in the amount of $167,034.07.

29.    Plaintiff Mostoller did not hear from USAA until March 9, 2021, when USAA sent Plaintiff Mostoller a letter with a claim form for Decedent Carlos Velazquez's insurance policy.

30.    On March 15, 2021, Plaintiff Mostoller returned the claim form to USAA with a cover letter asking about the benefits associated with Marilyn Velazquez's rider, which she

4

understood, based on USAA' representations, would also be paid to Decedent Carlos Velazquez's Estate.

31.     On March 16, 2021, USAA emailed Plaintiff Mostoller stating the distribution for Decedent Marilyn Velazquez's portion of the claim had been paid to the contingent beneficiary (Mrs. Ramirez).

32.     USAA admitted it had previously represented to Plaintiff Mostoller benefits would go to Decedent Carlos Velazquez's Estate.

33.     From March 16 and 23, 2021, USAA disclosed:

    (a) it had received a claim form from Mrs. Ramirez on October 15, 2020;

    (b) it settled that claim on January 4, 2021, several days before the MSA was finalized; and

    (c) it paid $250,000.00 plus interest to Mrs. Ramirez by check.

34.     At no time prior to March 16, 2021 did USAA disclose to Plaintiff Mostoller (1) the existence of any contingent beneficiaries; (2) the receipt of a claim from Mrs. Ramirez; (3) that any claims had been paid out; and (4) that there was any possibility that the proceeds would be paid out to anyone other than the Estate of Carlos Velazquez.

35.     USAA improperly distributed funds in the amount of $250,000 it previously represented belonged to the Estate of Carlos Rafael Velazquez, contrary to the terms of the MSA and Court's enforcement Order.

36.     Because of USAA's negligence, Mrs. Ramirez was able to fraudulently collect funds by making a claim for USAA Life Insurance proceeds to which she was not entitled.

37.     USAA's failure to distribute to the proper beneficiaries the assets belonging to the Estate is a material breach of the duty owed to USAA's insured, Carlos and Marilyn Velazquez.

38.     USAA has also damaged the Estate of Carlos Rafael Velazquez by negligently representing to Plaintiff Mostoller it would distribute the $250,000 benefit from Decedent Marilyn Velazquez's rider to Decedent Carlos Velazquez's Estate.

39.     In reliance upon USAA's representation, Plaintiff Mostoller paid $167,034.07 in Estate funds to Mrs. Ramirez under the MSA that she would not otherwise have paid.

40.     USAA's refusal to deal fairly and honestly with Plaintiff Mostoller, coupled with its refusal to pay the claim in a timely manner, resulted in damages to Plaintiff.

41.     USAA's conduct is not justified or allowed under the terms and conditions of the Policy or New Mexico law.

42.     As a result of USAA's conduct, Plaintiff Mostoller, on behalf of the Estate of Carlos Velazquez, suffered damages in an amount to be determined at trial which include, but are not limited to, treble damages, punitive damages, attorney's fees, costs of this action, and other claims for legal damages which may exist pursuant to New Mexico statutory and common law.

## COUNT I
## BAD FAITH

43.     Plaintiff re-alleges all previous paragraphs and incorporates the same as though fully set forth herein.

44.     There is implied in every insurance policy a duty on the part of the insurance company to deal fairly and in good faith with the policy holder or persons legally representing the interests of the policy holder.

45.     Fair dealing means to act honestly and in good faith in the performance of the contract.

46.     USAA must give equal consideration to its own interests and the interest of its policy holder, Plaintiff.

6

47.    USAA and its employees acted in bad faith when they did not deal fairly and in good faith with Plaintiff Mostoller for reasons which were frivolous, unfounded and in bad faith.

48.    The acts and failures of USAA as enumerated above constitute a breach of their duty of good faith.

49.    USAA's actions were also intentional, reckless and willful.

50.    As a direct result of the bad faith of USAA, Plaintiff Mostoller on behalf of the Estate of Carlos Velazquez suffered economic damages and seek compensatory damages in a monetary amount to be determined at trial.

51.    The acts and failures of USAA as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, entitling Plaintiff to an award of reasonable attorney fees and costs pursuant to NMSA 1978, §39-2-1.

52.    Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish USAA for its misconduct and to deter others from similar conduct in the future.

## COUNT II
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

53.    Plaintiff re-alleges all previous paragraphs and incorporates the same as though fully set forth herein.

54.    Implicit in the contract of insurance between Carlos Velazquez and USAA was the covenant that USAA would, at all times, act in good faith and deal honestly and fairly.

55.    USAA did not attempt in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claim through Plaintiff Mostoller.

56.    At all times since filing the claim, Plaintiff Mostoller acted honestly and good faith in all dealings with USAA.

57.     USAA breached the implied covenant of good faith and fair dealing in one or more of the following ways, including but not limited to:

    a.  Failing and refusing to disclose, admit and acknowledge coverage in this matter;

    b.  Failing and refusing to promptly and fairly investigate, process, determine, and decide Plaintiff's claims under the Policy referenced above; and

58.     USAA failed to distribute assets to the proper beneficiaries to the Estate for reasons that were frivolous and unfounded.

59.     As a direct and proximate result of USAA's acts and omissions alleged herein, Plaintiff suffered damages, and seeks damages in a monetary amount to be determined at trial.

60.     The acts and failures of USAA as enumerated above, constitute an unreasonable failure to distribute assets to the proper beneficiaries to the Estate, entitling Plaintiff to an award of reasonable attorney fees and costs pursuant to NMSA 1978, §39-2-1.

61.     USAA's acts and omissions alleged herein in breach of the implied covenant of good faith and fair dealing were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of Plaintiff.

62.     Plaintiff has been forced to retain the services of an attorney to enforce the Decedents' rights herein, and as such, pursuant to NMSA §59A-16-30 and NMSA §39-2-1, is entitled to an award of attorney's fees and costs associated therewith.

63.     Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish USAA for its misconduct and to deter others from similar conduct in the future.

## COUNT III
## BREACH OF CONTRACT

64.     Plaintiff re-alleges all previous paragraphs and incorporates the same as though fully set forth herein.

65.     When Decedents purchased the Policy from USAA, they relied upon and placed their trust in USAA and its employees to act in good faith and in a reasonable manner to sell them the appropriate insurance in the event they should ever file a claim for coverage and benefits. The claim filed by Plaintiff is exactly the type of loss Decedents were assured would be covered under the subject Policy.

66.     USAA, and its employees and agents, entered into a fiduciary relationship with Decedents and had a duty to use the skill, care and knowledge of claims representatives and underwriters, in evaluating and investigating claims made by its insureds in a prompt and thorough manner.

67.     Plaintiff on behalf of the Estate of Carlos Velazquez complied with all material terms and conditions under the subject Policy.

68.     The Policy requires USAA to honor its obligations under the subject Policy.

69.     USAA breached the insurance policy contractual provisions by failing to honor Plaintiff's request for payment under the Policy.

70.     USAA's acts and omissions alleged herein in breach of the contract were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of Plaintiff.

71.     Plaintiff has been forced to retain the services of an attorney to enforce her rights herein, and as such, pursuant to NMSA § 59A-16-30 and NMSA §39-2-1, is entitled to an award of attorney's fees and costs associated therewith.

9

72.     Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish USAA for its misconduct and to deter others from similar conduct in the future.

### COUNT IV
### VIOLATION OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES ACT

73.     Plaintiff re-alleges all previous paragraphs and incorporates the same as though fully set forth herein.

74.     At all times material hereto, USAA engaged in the business of insurance in the State of New Mexico as defined by the New Mexico Insurance Code (NMSA§ 59A-1-4, *et seq.*) and associated statutes, including in particular the New Mexico Unfair Claims Practices Act (NMSA § 59A-16-1, *et seq.*).

75.     USAA, in committing the acts and omissions alleged herein, violated the statutory duties imposed on it by the New Mexico Unfair Claims Practices Act (NMSA § 59A-16-1, *et seq.*), including but not limited to NMSA § 59A-16-20.

76.     Plaintiff has a right to maintain this action against USAA, pursuant to NMSA §59A-16-30, *et seq.*, which permits a private right of action by the Plaintiffs.

77.     USAA's failure to distribute assets to the Estate of Carlos Velazquez was unfounded, unreasonable, and in bad faith.

78.     USAA misrepresented to its insured, Decedents, pertinent facts or policy provisions relating to coverage at issue, in violation of NMSA 1978, §59A-16-20(A).

79.     USAA did not attempt in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claim in which liability was reasonably clear in violation of NMSA 1978, §59A-16-20(E).

80.     USAA violated the New Mexico Unfair Claims Practices Act in all, but not necessarily limited to, the following ways:

      a.  Failing to adopt and implement reasonable standards for the prompt investigation and processing of an Insured's claims arising under the policy;

      b.  Failing to attempt in good faith to effectuate prompt, fair and equitable settlements of an Insured's claims in which liability has become reasonably clear; and

      c.  Failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

81.     As a direct and proximate result of USAA's acts and omissions alleged herein, Plaintiff suffered damages in an amount to be proven at trial.

82.     USAA's acts and omissions alleged herein in violating the New Mexico Unfair Claims Practices Act were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of the Plaintiff.

83.     USAA's acts and omissions alleged herein, were committed by its employees, representatives, agents and/or designees; and of those acts and omissions were ratified or acquiesced to by USAA.

84.     Plaintiff has been forced to retain the services of an attorney to enforce their rights herein, and as such, pursuant to NMSA §59A-16-30 and NMSA §39-2-1, is entitled to an award of attorney's fees and costs associated therewith.

85.     Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish the USAA for its misconduct and to deter others from similar conduct in the future.

## COUNT V
## NEGLIGENT MISREPRESENTATION

86.     Plaintiff re-alleges all previous paragraphs and incorporates the same as though fully set forth herein.

87.     As set forth in the General Allegations, USAA represented to Plaintiff that Carlos Velazquez Estate would be receiving the $250,000.00 from the Carlos Velazquez policy, and an additional $250,000.00 from the rider covering Decedent Marilyn Velazquez.

88.     USAA also represented to Plaintiff she would be contacted prior to processing any payments under the subject insurance policy.

89.     USAA knew at the time the representations were made to Plaintiff that such representations were false, or in the alternative, USAA made those representations recklessly.

90.     USAA intended Plaintiff to rely on its representations, and Plaintiff did rely on the representations of USAA to her detriment and damage.

91.     In reliance on the representations made by USAA to Plaintiff, Plaintiff paid funds to the contingent beneficiary for Decedent Marilyn Velazquez—Mrs. Ramirez.

92.     Plaintiff was damaged as a result of her justified reliance on the representations of USAA.

93.     The acts complained of by USAA were done with a conscious disregard of the rights of Plaintiff, and done in a willful, wanton and reckless manner.

94.     Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish the USAA for its misconduct and to deter others from similar conduct in the future.

12

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court enter judgment against Defendant USAA Life Insurance Company, for:

1. All compensatory damages;

2. Punitive damages;

3. Treble damages as allowed under New Mexico law;

4. Pre- and post-judgment interest;

5. Attorney fees and costs; and

6. All other relief the Court deems just and proper.

Respectfully submitted:

LAW OFFICES OF DAVID M. HOULISTON

*/s/ David M. Houliston*
David M. Houliston
7500 Jefferson St. NE, Suite 106
Albuquerque, NM  87109
Phone: (505) 247-1223
Fax:     (505) 214-5204
david@houlistonlaw.com
*Attorney for Plaintiff*

13

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**8/10/2022 3:23 PM**
**CLERK OF THE COURT**
**Patricia Serna**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

LYNN MOSTOLLER, as Special Administrator
of the Estate of Carlos Velazquez, Deceased,

      Plaintiffs,

v.

                              Case No. _____ D-202-CV-2022-04549 _____

USAA LIFE INSURANCE COMPANY,

      Defendant.

**PLAINTIFF'S CERTIFICATION**
**REGARDING ARBITRATION UNDER RULE LR2-603**

David M. Houliston, counsel for Plaintiff, certifies that:

\_\_\_\_    This case <u>is</u> subject to referral to arbitration under Local Rule 603. No party seeks relief other than a money judgment and no party seeks and award in excess of $50,000 inclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

 **X**    This case <u>is not</u> subject to referral to arbitration under Local Rule 603 because at least one party seeks relief other than a money judgment and/or at least one party seeks an award in excess of $50,000 inclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

                           Respectfully submitted:

                           LAW OFFICES OF DAVID M. HOULISTON

                           */s/ David M. Houliston*
                           David M. Houliston
                           7500 Jefferson St. NE, Suite 106
                           Albuquerque, NM  87109
                           Phone: (505) 247-1223
                           Fax:   (505) 214-5204
                           david@houlistonlaw.com
                           *Attorney for Plaintiff*

                                                      1

| SUMMONS | |
|---|---|
| **District Court:** Second Judicial District Court<br>Bernalillo County<br>State of New Mexico<br><br>**Court Address:** Bernalillo County Courthouse<br>400 Lomas Blvd. NW<br>Albuquerque, NM 87103<br><br>**Court Telephone No.:** (505) 841-8400 | **Case Number: D-202-CV-2022-04549**<br><br><br>**Judge: Honorable Erin O'Connell** |
| **LYNN MOSTOLLER, as Special Administrator of the Estate of Carlos Velazquez, Deceased,**<br>      **Plaintiff,**<br><br>**v.**<br><br>**USAA LIFE INSURANCE COMPANY,**<br>      **Defendant.** | **Defendant**<br><br>**Name:**     **USAA Life Insurance Company**<br><br>**Address:** **c/o Office of Superintendent of Insurance**<br>**PO Box 1689**<br>**Santa Fe, NM 87504-1689** |
| | |

**TO THE ABOVE-NAMED DEFENDANT**: Take notice that

1.        A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.        You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons (the date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.

3.        You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.        If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.        You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.        If you need an interpreter, you must ask for one in writing.

7.        You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

8/12/2022

Dated at _____, New Mexico, this _____ day of _____, 2022.

Katina Watson

SECOND JUDICIAL DISTRICT COURT
CLERK OF THE COURT

By: _Poonicia Sama_

Deputy Clerk

8/12/2022

LAW OFFICES OF DAVID M. HOULISTON

_/s/ David M. Houliston_
David M. Houliston
7500 Jefferson Street NE, Suite 106
Albuquerque, NM 87109
Phone: (505) 247-1223
Fax:    (505) 214-5204
david@houlistonlaw.com
_Attorney for Plaintiff_

**RETURN[1]**

STATE OF NEW MEXICO        )
                                ) ss.
COUNTY OF _____ )

       I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ County on the_____ day of _____, 2022, by delivering a copy of this summons, with copies of Complaint attached, in the following manner:

(check one box and fill in appropriate blanks)

[ ]      [to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept summons and complaint)*

[ ]      to the defendant by [mail] [courier service] as provided by Rule 1-004NMRA *(used when service is by mail or commercial courier service).*

       After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the follow manner:

[ ]      [to _____ , a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____ , *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[]      [to _____, an agent authorized to receive service of process for defendant _____.

[ ]      [to _____ , [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]      [to _____ *(name of person),* _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)*

Fees:    _____

                                                _____
                                                Signature of Person Making Service

Subscribed and sworn to before me this ____
day of _____, 2022[2].                  _____
                                                  Title (if any)

_____                     My Commission Expires:
Judge, Notary or Other Officer
Authorized to Administer Oaths

                                                  _____
_____
Official Title

1.  Unless otherwise ordered by the court, this return is not to be filed with the court prior to the service of the summons and complaint on the defendant.

2.  If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

3

Office of Superintendent of Insurance
Attn: Service of Process
P. O Box 1689
Santa Fe, NM 87504-1689



US POSTAGE PITNEY BOWES

ZIP 87501  $ 009.17
02  4W
0000371432 AUG 18 2022

7020 0640 0002 1325 9320

USAA Life Insurance Company
C/O CSC
110 East Broadway St
Hobbs, NM 88240

2926

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
8/22/2022 12:03 PM
CLERK OF THE COURT
Andrea I Gutierrez

# STATE OF NEW MEXICO
# OFFICE OF SUPERINTENDENT OF INSURANCE

## CERTIFICATE

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

LYNN MOSTOLLER, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF CARLOS
VELAZQUEZ, DECEASED
Plaintiff,

v.                                                        D-202-CV-2022-04549

USAA LIFE INSURANCE COMPANY,
Defendants,

### ACCEPTANCE OF SERVICE

I, Russell Toal, Superintendent of Insurance of the State of New Mexico, do hereby certify that a
copy of a Complaint, Arbitration Certificate and Summons was served on USAA Life Insurance
Company on 8/17/2022 as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was
received by said company on  8/18/2022 confirmed by Electronic Acceptance.



In Witness Whereof, I have
hereunto set my official seal
on August 18, 2022.

Superintendent of Insurance

2926